**FILED
CLERK**

6/21/2016 12:57 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
DANYELL GREENE,

                           Plaintiff,

               -against-

DESOUSA, CORRECTION OFFICER and
KRUTE, SERGEANT in their individual
capacities,

                       Defendants.
--------------------------------------------------------X
FEUERSTEIN, District Judge:

**MEMORANDUM & ORDER**

14-CV-6290 (SJF) (AYS)

       Plaintiff *pro se* Danyell Greene ("Greene" or "plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 against defendants Correction Officer Desousa ("Desousa") and Sergeant Krute ("Krute," and collectively "defendants") on October 22, 2014. The complaint concerns events that occurred during plaintiff's confinement at the Nassau County Correctional Center ("NCCC"). Presently before the Court is defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Motion, Docket Entry ("DE") [22]. Plaintiff has not opposed the motion. For the reasons set forth herein, the motion is granted.

## I. BACKGROUND

       The factual allegations are taken from the complaint and are assumed to be true for purposes of this motion only. Greene filed a complaint on October 22, 2014 using the Eastern District of New York Civil Rights Complaint, 42 U.S.C. § 1983 form. Compl. DE [1]. She claims that on December 5, 2013, she was brought to the NCCC and placed in lock-in status by defendant Desousa "because of her hair weave." Compl. ¶ IV. She further alleges as follows:

> Desousa stated take out your hair weave. Claimant never refused to take
> out hair weave. She stated to Correction Officer Desousa that she needed
> hair bonding removal to take her hair weave out. Correction Officer
> Desousa stated we don't carry that and once it's removed you will be let
> out of lock in. Claimant removed her hair weave on December 8, 2013
> without the hair bonding removal where she has big bald spots.

Compl. ¶ IV. Plaintiff claims she was "locked in for 22 hours a day from December 5, 2013 to December 15, 2013." *Id.*

Plaintiff further alleges that Desousa was "malicious and vindictive" and that Sergeant Krute authorized the lock-in. Compl. ¶ IV. In addition, NCCC is "blatantly prejudice[d] towards the color of my skin due to the fact that majority of African American women wear hair weaves. For [NCCC] to enforce a rule stating no hair weaves is against the claimant ethnicity." *Id.* Plaintiff claims to have bald spots for nine (9) months. *Id.* She claims that defendants' actions have violated her rights under the Eighth and Fourteenth Amendments and seeks compensation in an unspecified amount for her hair loss, her embarrassment, and each day of her lock-in, plus an additional reimbursement of $5.00 taken from her account.

Plaintiff acknowledges in her complaint that there is a grievance procedure in place at NCCC and indicates that she did not utilize the procedure because she "was naïve to prison regulations." Compl. ¶ II.D. Although she "asked Officer Desousa can I at least have hair conditioner and she said no," she does not allege that she brought, or attempted to bring, her complaints to the attention of anyone at NCCC. *Id.* ¶ II.F.

On July 1, 2015, defendants served their motion to dismiss and docketed a certificate of service indicating service upon plaintiff at the NCCC. *See* DE [17]. At a conference held on January 7, 2016, Greene, who had been released from custody, represented that she had not

received a copy of defendants' motion to dismiss.[1]   Defendants served her with a copy of the

motion at the conference, and the Court directed plaintiff to serve her opposition by February 8,

2016.  *See* Minute Order, DE [21].   On June 7, 2016, defendants filed their motion to dismiss.

According to defendants, they never received any opposition from plaintiff and thus filed the

motion as unopposed.  *See* DE [23].   Plaintiff has not filed any materials directly, nor has she

contacted the Court in any way.

## II.  DISCUSSION

### A.  Legal Standards

Defendants move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure.  To survive a motion to dismiss pursuant to Rule 12, a complaint must set forth

"enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,*

550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007).   "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct.

1937, 1949 (2009).  But, a pleading "that offers only 'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at

555, 127 S. Ct. at 1965).   "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid

of 'further factual enhancement."  *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966)

Thus, while detailed factual allegations are unnecessary, a complaint must contain more than an

"unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (citing *Twombly,* 550 U.S. at

---

[1] Mail sent by the Court in November 2015 and addressed to plaintiff at NCCC was returned and marked "Return to Sender/Discharged" in December 2015.  *See* DE [19], [20].  At the conference, plaintiff provided a new mailing address and the docket was updated accordingly.

555, 127 S. Ct. at 1964 (internal citations omitted)).

In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See LaFaro v. New York Cardiothoracic Grp., PLLC,* 570 F.3d 471, 475 (2d Cir. 2009). Where the complaint is filed by a *pro se* litigant, the court must "interpret the complaint liberally to raise the strongest claims that the allegations suggest." *Rosen v. N. Shore Tower Apartments, Inc.,* No. 11-CV-00752, 2011 WL 2550733, at *2 (E.D.N.Y. June 27, 2011) (citing *Cruz v. Gomez,* 202 F.3d 593, 597 (2d Cir. 2000)). "Even in a *pro se* case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation and citation omitted).

## B.    Failure to Exhaust

Defendants' contend that the complaint should be dismissed for plaintiff's failure to exhaust her administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), which provides in part that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211, 127 S. Ct. 910 (2007). Proper exhaustion requires the inmate to have proceeded through all levels of review available to him under the grievance process, *see Rivera v. Anna M. Kross Center*, No. 10 Civ. 8696, 2012 WL 383941, at *3 (S.D.N.Y. Feb. 7, 2012), and exhaustion "must be completed before suit is filed." *Burgos v. Craig,* 307 F. App'x 469, 470 (2d Cir. 2008).

The PLRA exhaustion requirement applies even though plaintiff is no longer incarcerated because she was incarcerated at the time she filed this lawsuit. *See Rivera,* 2012 WL 383941, at *2.

However, "failure to exhaust is an affirmative defense under the PLRA," and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. Although exhaustion is "generally not amenable to resolution by way of a motion to dismiss," *Sloane v. Mazzuca,* No. 04-CV-8266, 2006 WL 3096031, at *4 (S.D.N.Y. Oct. 31, 2006) (internal quotation and citation omitted)), failure to exhaust administrative remedies is an appropriate basis for dismissal under Rule 12(b)(6) "where nonexhaustion is apparent from the face of the complaint." *Gaines v. Armor Health Care, Inc.,* No. 12-CV-5663, 2013 WL 6410311, at *2 (E.D.N.Y. Dec. 9, 2013) (quoting *Roland v. Smith,* 907 F. Supp. 2d 385, 388 (S.D.N.Y. 2012) (citation omitted)). Even where a plaintiff's failure to exhaust administrative remedies is apparent from the complaint, such a failure may be excused if: (1) the administrative remedies were not in fact available to plaintiff; (2) defendants forfeited the affirmative defense by failing to raise it or are estopped from raising it by its actions; or (3) "special circumstances" justify plaintiff's failure to exhaust. *See Messa v. Goord,* 652 F.3d 305, 309 (2d Cir. 2011) (citing *Hemphill v. New York,* 380 F.3d 680, 686 (2d Cir. 2004)).[2]

It is clear from the complaint that plaintiff did not exhaust her claim prior to instituting this lawsuit. She acknowledges the existence of a grievance procedure at NCCC, indicates that

---

[2] The Second Circuit has declined to rule on the extent to which the *Hemphill* exceptions remain valid after the Supreme Court's decision in *Woodford v. Ngo,* 548 U.S. 81, 126 S. Ct. 2378 (2006). *See Amador v. Andrews,* 655 F.3d 89, 102 (2d Cir. 2011). As such, courts in this District continue to analyze the potential excuses to non-exhaustion. *See, e.g., Schiff v. Suffolk Cty. Police Dep't,* No. 12-CV-1410, 2015 WL 1774704, at *9 (E.D.N.Y. Apr. 20, 2015).

5

she did <u>not</u> file a grievance, and explains only that she "was naïve to prison regulations." Compl. ¶ II. Her statement of claim does not contain any suggestion that she attempted to bring her complaints to anyone within NCCC at any time during her confinement, or that she was in any way prevented from raising her complaints. As such, her allegations cannot be construed to implicate any of the excuses for failure to exhaust. Additionally, defendants' motion clearly put plaintiff on notice that her failure to exhaust administrative remedies could prevent her from moving forward with the complaint, and provided her with an opportunity to put forth an argument that her non-exhaustion should be excused. She did not, however, take advantage of that opportunity and failed to oppose the motion.

As plaintiff's failure to exhaust is apparent from the face of the complaint, defendants' motion to dismiss for failure to comply with the PLRA is granted. Whether dismissal should be with or without prejudice depends upon plaintiff's ability to cure what is "often a temporary, curable, procedural flaw." *Snider v. Melindez,* 199 F.3d 108, 111 (2d Cir. 1999). Where a plaintiff may cure the defect by pursuing administrative procedures to their conclusion and then reinstituting her suit, dismissal without prejudice is appropriate. *See, e.g., Berry v. Kerik,* 366 F.3d 85, 87 (2d Cir. 2004); *Giano v. Goord,* 250 F.3d 146, 151 (2d Cir. 2001). Where the inmate is no longer in custody, however, and thus the administrative remedies are no longer available to her, dismissal with prejudice is appropriate. *See e.g., Prescott v. Annetts*, No. 09 Civ. 4435, 2010 WL 3020023, at *3 (S.D.N.Y. July 22, 2010) (when a plaintiff is released from custody during the pendency of the action, dismissal should be with prejudice "if the plaintiff had 'ample opportunity' to exhaust administrative remedies before being released but failed to do so" (citing *Berry,* 366 F.3d at 88)). As plaintiff is no longer in custody at the NCCC and she can no longer

exhaust administrative remedies, the complaint is dismissed with prejudice.

The Second Circuit has clearly indicated that "when addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter,* 284 F.3d 411, 416 (2d Cir. 2002) (internal quotation and citation omitted). Amendment of the complaint would not cure the defect in plaintiff's case and thus would be futile. Accordingly, the complaint is dismissed without leave to amend.

## III. CONCLUSION

For the reasons set forth above, the Court grants defendants' motion to dismiss. Plaintiff's claims are dismissed with prejudice. The Clerk of the Court is directed to close the case.

SO ORDERED

_/s/_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: Central Islip, New York
June 21, 2016